# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SAMUELL KEELER AND LUKE GOSSETT, | § § § | |
| Plaintiffs | § § | |
| vs. | § § | NO. 4:22-CV-00905-SDJ |
| TYSON FRESH MEATS, INC., | § § § | |
| Defendant. | § § | |

## DECLARATION OF JOHN KYKER

I, John Kyker, do hereby swear, affirm, and attest as follows:

1. I am over the age of 18 and able to testify to the matters stated in this declaration. This declaration is given voluntarily. I have not been promised any benefit, coerced, or threatened in any manner in exchange for the testimony in this declaration.

2. My title is Senior HR Partner for Tyson Fresh Meats, Inc. ("Tyson") in Sherman, Texas. I have been employed with Tyson for 21 years. I have been in the role of Complex HR Manager/Senior HR Partner for 15 years.

3. Tyson produces protein products in facilities throughout the United States. Tyson operates a Case Ready plant in Sherman, Texas. Case Ready products are protein products that can immediately be stocked on shelves. The Sherman, Texas facility employs approximately 1,800 team members to work in its beef, ground beef, and pork departments.

4. Tyson maintains an Equal Employment Opportunity Policy prohibiting employment decisions based on race, color, religion, sex, sexual orientation, national origin, age, disability, veteran status or other classification protected by law. A true and correct copy of the Equal Employment Opportunity Policy is attached hereto as Exhibit A.

5. Tyson maintains a Harassment and Discrimination policy prohibiting any form of illegal harassment, discrimination, or intimidation in the workplace. In addition, team members are advised that they can report any suspected violations of the law or company policies by contacting their supervisor, a member of their management team or their local HR representative, calling the Help Line, or contacting the Ethics & Compliance Department. A true and correct copy of this policy is attached hereto as Exhibit B.

6. Each of the policies attached hereto as Exhibits A and B are clearly communicated to all team members at various times throughout their employment, such as the time of hire and when Tyson requires employees to undergo recurrent training.

7. From the beginning of the COVID-19 pandemic, Tyson implemented various COVID-19 policies designed to ensure its employees stayed safe and healthy throughout the pandemic. For example, Tyson implemented its COVID-19 Pilot Program, which required unvaccinated employees to wear masks and face shields while at work.

8. On August 3, 2021, Tyson announced it would require its U.S. workforce to receive the COVID-19 vaccine on or before November 1, 2021. Tyson later distributed its COVID-19 Vaccination Policy (the "Policy") to all U.S. team members. A true and correct copy of the Policy is attached hereto as Exhibit C.

9. Tyson took steps to ensure the Policy was fair and addressed the needs of its team members. Tyson provided reasonable accommodations to employees who could not receive, or objected to receiving, the COVID-19 vaccine due to a sincerely held religious belief, practice, or observance.

10. Employees who sought a religious accommodation from the Policy were required to submit such requests to Human Resources via Tyson's Reasonable Religious Accommodation

Case 4:22-cv-00905-SDJ   Document 30-1   Filed 10/25/23   Page 4 of 6 PageID #:   201


Request Form. Tyson's receipt of a vaccination accommodation request initiated an interactive process between the requesting employee and Tyson to evaluate the accommodation request and to consider what type of reasonable accommodation, if any, was available in the specific circumstance presented by the individual employee.

11. As part of the interactive process, Tyson's Human Resources personnel discussed with the requesting employee potential reasonable accommodations that were consistent with Tyson's objective of protecting the health and safety of its workforce, including the requesting employee, and other persons who interacted with Tyson's employees. The nature of Tyson's business requires most plant-based employees to work in-person and inside a facility. Because unvaccinated employees in non-remote positions posed a direct threat to others, and alternatives to the vaccine (*e.g.*, masking and social distancing) would not demonstrably eliminate that threat, Tyson determined an available accommodation for employees who refused to be vaccinated and could not work remotely was its Leave of Absence Plus ("LOA Plus") program.

12. Under the LOA Plus program, a team member who qualified for a disability or religious exemption could elect to take an unpaid leave of absence—potentially for up to one year, depending on the team member's length of service with Tyson. Employees on the LOA Plus program could elect to use accrued paid vacation time while on leave. Further, employees who elected to participate in LOA Plus continued to receive Company health care benefits, with Company premium contributions, and were eligible to receive their annual year-end bonus for 2021.

13. On August 14, 2021, Mr. Samuell Keeler requested an exemption from the Policy. A true and correct copy of Mr. Keeler's exemption request is attached hereto as Exhibit D.

3

14. Mr. Keeler worked as a Training Specialist at Tyson's plant in Sherman, Texas. His job duties included the implementation of various programs related to training, onboarding, and other personnel-related programs. Mr. Keeler's position had more than 15 direct reports for whom he provided daily oversight.

15. On August 18, 2021, Mr. Luke Gossett requested an accommodation to the Policy based on his religious beliefs. A true and correct copy of Mr. Gossett's exemption request is attached hereto as Exhibit E.

16. Mr. Gossett worked as a Maintenance Supervisor at Tyson's plant in Sherman, Texas. In his role, Mr. Gossett supervised a team of maintenance technicians who perform maintenance on Tyson's production floor equipment.

17. In performing their duties and responsibilities for their respective positions, both Mr. Keeler and Mr. Gossett worked in close proximity with other Tyson employees.

18. Tyson accepted Mr. Keeler's and Mr. Gossett's requests for a religious exemption to the Policy. Due to Mr. Keeler's and Mr. Gossett's positions and responsibilities, it was necessary that they remain on-site to perform their job duties. Because Mr. Keeler's and Mr. Gossett's positions could not be performed remotely, Tyson offered them a reasonable accommodation in the form of LOA Plus. Both Mr. Keeler and Mr. Gossett chose not to participate in LOA Plus.

19. On November 1, 2021, Mr. Keeler and Mr. Gossett's employment with Tyson ended due to their refusal to abide by the Policy or accept the reasonable accommodation offered to them, *i.e.*, LOA Plus.

20. On October 27, 2022, Tyson provided Mr. Keeler and Mr. Gossett with unconditional offers of reinstatement. Although the positions Mr. Keeler and Mr. Gossett held

prior to their employment ending were not available, Tyson provided them with the closest salaried/management-level position available at that time. Despite Tyson's invitation for Mr. Keeler and Mr. Gossett to return to work for Tyson, they declined to do so.

21. Tyson maintains an Annual Incentive Plan (the "Plan"), which governs an employee's eligibility for a bonus at the end of each fiscal year. In order for an eligible employee to receive a bonus under the Plan, the employee must be employed on the date the bonus payment is distributed.

22. Tyson administered bonus payments under the Plan to eligible employees for fiscal year 2021 after November 1, 2021.

23. I am the custodian of records for the documents attached hereto as part of this declaration. These records are kept in the regular course of business, and it was the regular course of business of Tyson for an employee or representative of Tyson with personal knowledge of the act, even, statement, condition or study to make the aforementioned memoranda or records or to transmit information thereof to be included in such memoranda or records. The records attached hereto are the originals or exact copies of the originals or are true copies and nothing has been removed from the original file before making these copies. The records attached hereto are true, correct and complete.

24. PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on October 25 2023

John Kyker
Senior Human Resources Partner
Tyson Fresh Meats, Inc.

5